UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WOODMAN DESIGN GROUP, INC.<br><br>       Plaintiff,<br><br>v.<br><br>THE HOMESTEADS OF NEWTOWN, L.L.C.,<br>MORTON SILBERSTEIN,<br>LINDA SILBERSTEIN, and<br>ARBOR COMMERCIAL MORTGAGE L.L.C.<br><br>       Defendants. | Civil Action No. 3:01<br>CV-2029 (SRU) |

### ARBOR COMMERCIAL MORTGAGE L.L.C.'S
### MOTION TO STAY

For the reasons set forth in the accompanying memorandum of points and authorities, Arbor requests an Order staying this suit pursuant to 11 U.S.C. § 362(a) and/or § 105(a) until further Order of this Court.

Dated: November 3, 2004

                                                        Respectfully Submitted,
                                                        Arbor Commercial Mortgage, LLC
                                                        By its attorneys

                                                          /S/
                                                       Martin L. McCann (ct 11725)
                                                       Federal Bar No. CT 11725
                                                       ZELDES, NEEDLE & COOPER
                                                       1000 Lafayette Boulevard, P.O. Box 1740
                                                       Bridgeport, Connecticut  06601-1740
                                                       (203) 333-9441 (Fax) 333-1489

2

F. Joseph Nealon
Constantinos G. Panagopoulos
Jeffrey W. Larroca
BALLARD SPAHR ANDREWS &
 INGERSOLL, L.L.P.
601 13th Street, N.W., Suite 1000 South
Washington, D.C. 20005-3807
202-661-2200  (fax) 202-661-2299

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WOODMAN DESIGN GROUP, INC. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:01 CV-2029 (SRU) |
| v. | ) ) | |
| THE HOMESTEADS OF NEWTOWN, L.L.C., MORTON SILBERSTEIN, LINDA SILBERSTEIN, and ARBOR COMMERCIAL MORTGAGE L.L.C. | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ARBOR COMMERCIAL
MORTGAGE L.L.C.'S MOTION TO STAY**

**Parties**

The Homesteads of Newtown, LLC (the "Debtor") is a limited liability corporation organized under the laws of Connecticut for the purpose of building, owning, and operating an assisted care living facility (the "Homesteads Project"). The Homesteads of Newtown, LLC became a debtor in possession when it filed a petition under title 11 of the United States Code (the "Bankruptcy Code").

Arbor Commercial Mortgage, LLC ("Arbor") is a mortgage lender with headquarters located in Uniondale, New York. Arbor is the primary lender on the Homesteads Project.

Woodman Design Group, Inc. ("Woodman") is a company in the business of providing design and decorating services. Woodman's headquarters is located in Connecticut.

**Facts**

In 1999, the Debtor began soliciting financing, contractors and vendors for the construction of the Homesteads Project. The Debtor obtained a federally guaranteed construction loan (the "Loan") from Arbor and retained Woodman to provide design and decorating services.[1] The documents memorializing the Debtor's Loan with Arbor (the "Loan Documents") provide Arbor with an unqualified right to charge the Debtors with any expenses incurred by Arbor in any action which may impact the Debtor's rights in the Homesteads Project. This commitment is memorialized in paragraph G of the Construction Loan Disbursement Agreement, which states:

> G. The Lender and/or the Title Company shall have the right to commence, or appear in, or defend, any action or proceeding affecting or purporting to affect the rights or duties of the Owner hereunder, and in that connection, may pay all necessary expenses, including court costs and reasonable attorney's fees, with the right to charge all such expenses against the Owner.

During the period from October, 1999 through April, 2001, Arbor advanced the Debtor fifteen separate Loan requisitions totaling over $14,000,000. By February, 2001, Woodman had completed its design services and delivered all furniture called for under its contract with the Debtor. The Debtor delayed payment of Woodman because it was dissatisfied with the pricing and quality of the furniture Woodman supplied and because applicable HUD regulations prohibited payment of Woodman until HUD inspected the furniture.

---

[1] Arbor is not a party to the Debtor's contract with Woodman and had no role in the selection of Woodman as a vendor. The Loan was guaranteed by the Department of Housing and Urban Development ("HUD") under Section 232 of the National Housing Act.

The Homestead Project opened in April, 2002 and immediately began to incur operating losses. In addition, while processing the Debtor's sixteenth Loan requisition, dated May 8, 2001, Arbor discovered in excess of $1.5 million of mechanics' liens filed against the property. The mechanics' liens constituted a default under the Loan Documents and applicable HUD regulations and prohibited Arbor from advancing any additional funds.

During this time, Woodman retained collection counsel and immediately began threatening to repossess the Debtor's furniture. Over the following seven months, negotiations took place among the Debtor, HUD, Arbor and Woodman in an attempt to resolve both Woodman's claim and the larger issue of the Debtor's default. The details of these negotiations are more fully set forth in Arbor's Motion for Summary Judgment. During all phases of negotiation the Debtor remained closely involved and continued to dispute Woodman's claim.

Woodman filed its Complaint on October 9, 2001. The Woodman Suit alleges seven causes of action against Arbor and the Debtor. Since opening, the Homestead project has continued to suffer operating losses which eventually led to the filing of its Chapter 11 Petition on September 16, 2004. Discovery in the Woodman Suit is complete and the matter is scheduled for trial on November 29, 2004.

**Legal Argument**

I.  **THE WOODMAN SUIT IS SUBJECT TO THE AUTOMATIC STAY OF SECTION 362(a)(1) AND (3) OF THE BANKRUPTCY CODE**

The Woodman Suit should be stayed in its entirety because Arbor has an unqualified right of indemnification from the Debtor and the Debtor will be collaterally estopped from defending itself from liability in a later action. Section 362(a) of the Bankruptcy Code provides, in pertinent part, that the commencement of a bankruptcy case invokes an automatic stay of:

> (1) the commencement or continuation, including issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> \*     \*     \*
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate;

11 U.S.C. § 362(a)(1), (3).

The Court of Appeals for the Second Circuit and the Bankruptcy Courts of this District have held that the automatic stay applies to non-debtors when continuation of an action against a non-debtor will have an immediate adverse effect on the debtor. <u>Queenie, Ltd., et al. v. Nygard Int'l, et al.</u>, 321 F.3d 282, 287 (2d Cir. 2003); <u>citing</u>, <u>A.H. Robbins v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir. 1986); <u>In re The Metal Center, Inc.</u>, 31 B.R. 458, 462 (Bankr. D.Conn. 1983). The decision in <u>Metal Center</u> expands on this concept in stating that where "a debtor and a non-debtor are so bound by statute or contract that the liability of the non-debtor is imputed to the debtor by the operation of law, then the Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited by the Code." 31 B.R. at 458.

### A.   Arbor's Right of Indemnification.

Based on this reasoning, courts have regularly recognized that the automatic stay applies to entities with a right of indemnification from the debtor.  Queenie, 321 F.3d at 288 (Explaining numerous cases extending the automatic stay to non-debtors on the basis of a right of indemnification from the debtor.); A.H. Robins, 788 F.2d at 999 (Stating that circumstances support extending the automatic stay to non-debtors where there is "a suit against a third-party who is entitled to absolute indemnify by the debtor on account of any judgment that might result against them in a case.  To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute."); In re American Film Technologies, Inc., 175 B.R. 847, 853 (Bankr. D.Del. 1994)(Extending the stay to non-debtors based on a right of indemnification.)

In the present case, the Debtor's Loan documents provide Arbor with a right of indemnification for all costs incurred in the Woodman Suit.  As a result, the Woodman Suit should be stayed pursuant to Section 362(a) of the Bankruptcy Code.

### B.   Collateral Estoppel.

The Woodman Suit should be stayed because principals of collateral estoppel will likely prevent the Debtor from adequately defending itself if the claims against the Debtor are severed and tried at a later date.  A party is collaterally estopped from relitigating issues previously decided by a court of competent jurisdiction if there was an identity of subject matter, issues and parties in the prior action.  In re American Film Technologies, 175 B.R. 847, citing, Parklane Hosiery Co., Inc. v. M.Shove, 439 U.S. 322, 58 L.Ed.2d 552, 99 S.Ct. 645 (1979).  Numerous courts have extended the automatic stay to cover non-debtors where a debtor may be collaterally

estopped from defending itself in a future litigation.[2]  See Lomas Financial Corp. v. Northern Trust Co., 117 B.R. 64, 67 (S.D.N.Y. 1990) (approving of the bankruptcy court's extension of the automatic stay to non-debtors based in part on collateral estoppel concerns.)  In re American Film, 175 B.R. at 850; In re Ionosphere Clubs, Inc., 111 B.R. 423, 425 (Bankr. S.D.N.Y. 1990), aff'd in part, 124 B.R. 35 (S.D.N.Y. 1991), In re Johns-Manville Corp., 26 B.R. 420, 429 (Bankr. S.D.N.Y. 1983), aff'd, 40 B.R. 219 (S.D.N.Y. 1984), rev'd in part on other grounds, 41 B.R. 926 (S.D.N.Y. 1984).  Several courts have observed that suits against officers and directors of a debtor are in large measure derivative of suits against the debtor and present a particular collateral estopple hazard.  A.H. Robins, 788 F.2d at 1005 ("Such suit is nothing more than an effort to circumvent section 362 by suing [the debtor's] officers and directors when the real party in interest is [the debtor]"), quoting, In re Johns-Manville, 26 B.R. at 426.

The same logic should stay prosecution of the Woodman Suit in the absence of the Debtor because Arbor's entire involvement in these events, as demonstrated by its answer, affirmative defenses, and summary judgment motion, was either at the request or for the benefit of the Debtor.  Thus, at any trial involving Arbor, instructions and representations from the Debtor as well as legal relationships between and among the Debtor, Woodman, Arbor and HUD will be determined as a matter of fact and may expose the Debtor to future liability.

---

[2]  Arbor is aware that the Second Circuit Court of Appeals recently stated in Queenie, Ltd. that "We have not located any decision applying the stay to a non-debtor solely because of an apprehensive collateral estoppel or the precedential effect of an adverse decision."  The Queenie decision is distinguishable on two grounds.  First, the non-debtor party in Queenie requested a stay of an appeal of a pure issue of law.  Thus, there was no risk of incomplete adjudication without the participation of the debtor.  Second, no right of indemnification existed in Queenie.  In fact, the Queenie decision acknowledges that other decisions cite collateral estoppel as a factor in extending the stay to non-debtors where, as here, a right of indemnification is present.

For example, nearly all of the Woodman Suit's claims are based on an alleged commitment by Arbor to pay Woodman in exchange for forbearance of any further collection activity for a period of time. While Arbor vehemently disputes ever making the commitment Woodman alleges it made, to the extent that Arbor ever discussed such a payment to Woodman, it did so only at the request of the Debtor and HUD and only because the Debtor represented that it had sufficient funds to cure its default under the Loan and to pay Woodman. See Motion for Summary Judgment. Findings of fact concerning these allegations are assured to impact the Debtor.[3]

## II.    EQUITABLE CONSIDERATIONS REQUIRE A STAY OF THE WOODMAN SUIT

The Court should stay any further action in the Woodman Suit because continuation of the suit will expose the Debtor to liability, inhibit Arbor's ability to defend itself, waste judicial resources and interfere with the Debtor's ability to reorganize.

---

[3]    Arbor is also aware that In re Metal Center and In re Rubenstein both state that bankruptcy alters the usual rules of collateral estoppel and a debtor is not bound by proceedings conducted in its absence. In re Metal Center, 31 B.R. at 463; In re Rubenstein, 105 B.R. 198, 202 (Bankr. D.Conn. 1989). Both decisions, however, have been strongly criticized by other courts. A.H. Robins, 788 F.2d at 1000 (stating that if a judgment against an indemnitee is not binding on a debtor-indemnitor, "the indemnity will be unfairly muted by inconsistent judgments and his contract of indemnity in effect nullified. We do not accept such reasoning with its shocking result and would find a stay under [362](a)(1) acceptable."); In re American Film, 175 B.R. at 852-4 (Strongly criticizing both Metal Center and Rubenstein.).

The court in Metal Center, while declining to extend the 362(a)(1) stay, did stay the action against the non-debtor based on equitable considerations which mirror the logic for extending the 362(a)(1) stay. The court in Rubenstein relied exclusively on its own decision in Metal Center. The Rubenstein decision is also distinguishable because the matter the court refused to stay was a mechanical state court proceeding to determine costs incurred in a foreclosure sale. The debtor-borrower's role in such a proceeding would be minimal even in the absence of the automatic stay.

Courts have held that a stay of non-debtor actions is justified when the failure to enjoin "would adversely or detrimentally influence the debtor through a third party." A.H. Robins, 788 F.2d at 1003, quoting, In re Otero Mills, Inc., 25 B.R. 1018, 1020; (Bankr. D.N.M. 1982) ("the Court may issue or extend stays to enjoin a variety of proceedings . . . which will have an adverse impact on the Debtor's ability to formulate a Chapter 11 plan."); In re Johns-Manville, 40 B.R. at 226.

Continued prosecution of the Woodman Suit will undoubtedly prejudice both Arbor and the Debtor. The Debtor's relationship with Woodman is central to the Woodman Suit. Arbor can not adequately defend itself in the Woodman Suit without the participation of the Debtor. Moreover, the Woodman Suit is sure to determine matters of fact which will impact the Debtor in later proceedings and inhibit the Debtor's ability to reorganize. As a result, the Debtor will either be forced to participate in the Woodman Suit or to abstain at its peril.

Federal Rule of Civil Procedure 19(b), governing dismissal of an action based on the unavailability of a necessary party, provides a useful analogy. See Federal Rule of Civil Procedure 19(b)(West 2002 Rev.Ed.). Rule 19(b) requires a court to determine whether in "equity and good conscience" a matter can continue if a complete adjudication can not take place without an unavailable party. Id.

Courts have found dismissal to be appropriate remedy under Rule 19(b) when the parties present in an action will be motivated to place all blame on the absentee and where proceeding without the absentee will result in a later relitigation of the same matter. Circle Industries v. City Sav. Bank, 749 F.Supp. 479, 457 (E.D.N.Y. 1990)(finding prejudice where parties before the court were unlikely to protect the absentee's interest and noting the inefficiency of proceeding when "Even without [the absentee] as a party to this action, the plaintiff's discovery efforts and

evidentiary proof will be directed at [the absentee]. A complete, consistent and efficient adjudication of plaintiff's claims against the remaining defendants can only be achieved in an action where [absentee] is also a party"). See also, Id., Provident Tradesmans Bank & Trust Co. v. Patterson, 390 U.S. 102, 109-11, 88 S.Ct. 733, 19 L.Ed.2d. 936 (1968) (discussing the strong public interest "in settling dispute by wholes, whenever possible.").

The Woodman Suit would present a persuasive case for dismissal under 19(b) because of the likelihood that Arbor and Woodman will place blame on the absentee Debtor and because proceeding without the Debtor will likely result in a latter, nearly identical trial on the same issues. While courts have found adequate grounds for dismissal under similar circumstances, Arbor requests only an injunction until the Debtor can rejoin the Woodman Suit.

## CONCLUSION

For the reasons stated above, Arbor respectfully request that this Court stay the Woodman Suit.

Dated: November 3, 2004

Respectfully submitted,
Arbor Commercial Mortgage, LLC
By its attorneys,

　　　　/S/
Martin L. McCann (ct 11725)
ZELDES, NEEDLE & COOPER
1000 Lafayette Boulevard, P.O. Box 1740
Bridgeport, Connecticut  06601-1740
(203) 333-9441  Fax (203) 333-1489

Constantinos G. Panagopoulos
Jeffrey W. Larroca
BALLARD SPAHR ANDREWS &
 INGERSOLL, LLP.
601 13th Street, N.W., Suite 1000 South
Washington, D.C.  20005-3807
202-661-2200  Fax (202) 661-2299

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of November, 2004 a copy of Arbor Commercial Mortgages, LLC's motion to stay was served via first class mail, postage pre-paid to:

>Brian Whitely, Esq.
>Scibelli and Whiteley, LLP
>189 State Street, Sixth Floor
>Boston, Massachusetts  02109
>
>Marc P. Mercier, Esq.
>Beck and Eldergill, P.C.
>447 Center Street
>Manchester, Connecticut  06040
>
>Patricia W. Boatman, Esq.
>Law Offices of Patrick W. Boatman, LLC
>111 Founders Plaza, Suite 1000
>East Hartford, Connecticut  06108

>/S/
>Martin L. McCann